

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Bruce Parker
County Attorney
Gray County
Pampa, Texas

Dear Sir:

Opinion No. 0-6486
Re: Is the property owned by the
City of McLean subject to
taxation by the McLean Inde-
pendent School District, under
the facts submitted?

Your request for an opinion of this Department upon the captioned subject reads in part:

"The City of McLean is incorporated under the general laws of the Legislature.

"In 1932, the City of McLean purchased a two story building situated within its corporate limits and designated as the City Hall. The City owns and operates the water system for the uses and benefits of its inhabitants. In 1937 the City purchases a gas system which had theretofore been operated by a private corporation.

"On the first floor of the City Hall is situated the various offices of the City, including the Tax Assessor and Collector, the City Secretary and the water and gas Superintendent, in which offices are paid all gas and water bills, including the taxes. There is also situated on the first floor of this building, a public library. A portion of the first floor of this building is rented to the McLean Independent School District, which is used by the School District officials, including office of the Tax Assessor and Collector. Rent for this office is paid by the School District to the City of McLean. The second floor of the City Hall is rented to the A. F. & A. M. Lodge and rent for this space is paid by this Lodge to the City of McLean.

Honorable Bruce Parker, page 2


"It is contended by certain school officials of
the McLean Independent School District, that due to
the fact that the City of McLean rents a portion of
the City Hall, it is not being used for purely public
purposes and consequently this property is subject to
taxation by the McLean Independent School District."

Whether or not the City Hall under consideration
is subject to taxation because portions thereof are rented
involves the following constitutional and statutory pro-
visions:

Constitution, Art. 8, Sec. 1:

"All property in this State, whether owned by
natural persons or corporations, other than municipal,
shall be taxed in proportion to its value, which shall
be ascertained as may be provided by law."

Constitution, Art. 11, Sec. 9:

"The property of counties, cities and towns, owned
and held only for public purposes, . . . and all other
property devoted exclusively to the use and benefit of
the public shall be exempt from . . . taxation, . . ."

Constitution, Art. 8, Sec. 2:

". . . the legislature may, by general laws, exempt
from taxation public property used for public purposes;
. . ."

Art. 7150, R. C. S.:

"The following property shall be exempt from taxation,
towit: . . .

"All property, whether real or personal, belonging
exclusively to this State, or any political subdivision
thereof."

Honorable Bruce Parker, page 3

The court in the case of City of Abilene v. State, 113 S. W. (2d) 631 (writ of error dismissed) after discussing the proper construction to be given the above constitutional and statutory provisions in order to have harmony among them, ruled as follows:

"These considerations lead us to the conclusion that as to the power of the Legislature, to exempt public property from taxation, all such property should be regarded as "used for public purposes" when it is owned and held for public purposes, but not owned or held exclusively for such purposes; and there has been no abandonment of such purposes."

The court in this case has stated that property is "used for public purposes" when it is owned and held as such and there has been no abandonment of such purposes; that it need not be held exclusively for such purposes. As long as the property has not been abandoned for public purposes, the same may be rented for other purposes, as was done in the case of City of Abilene v. State, supra. This principle was fully recognized in the case of City of Beaumont v. State, 161 S.W. (2d) 344.

Therefore, it matters not that part of the City Hall of McLean is rented to a lodge, or an independent school dis trict; this does not change its status of being used and held for public purposes.

We trust the foregoing answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By [signature: Robert O. Koch]

Robert O. Koch
Assistant

ROK:AMM

APPROVED MAY 8 1945

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN